UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYARDA DUBOIS JAMES,

                Petitioner,          Case No. 2:22-cv-10826
                                                Hon. Paul D. Borman

v.

LES PARISH,

                Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING CERTIFICATE OF APPEALABILITY

Kenyarda Dubois James ("Petitioner") filed this habeas corpus action under 28 U.S.C. § 2254. (ECF No. 1, Petition.) Petitioner is serving a prison sentence for his Jackson County Circuit Court guilty plea conviction of possession with intent to deliver methamphetamine and conspiracy. Petitioner asserts that the search of his vehicle leading to the discovery of the narcotics violated his Fourth Amendment rights. For the reasons that follow, the Petition will be denied.

I.

On March 6, 2018, a Michigan State Police Trooper stopped Petitioner's vehicle on I-94 in Jackson County, Michigan. The trooper thought Petitioner was following too closely behind a truck. When it was determined that Petitioner was

driving on a suspended license, the vehicle was seized. Officers discovered a large sum of cash and other items leading them to suspect that the vehicle was used for narcotics trafficking.

Petitioner was issued a traffic citation. A hearing was subsequently held, and the Jackson County district court found Petitioner guilty of driving on a suspended license but not guilty of two other civil infractions:

> [T]he court finds that the trooper had reason to stop the vehicle and investigate …. The officer based on experience I think 13 years traffic stops, training and experience the stop was appropriate. Leading then to finding the gentleman operating a motor vehicle while his license was suspended, denied, or revoked. The court will accordingly on the misdemeanor driving while license suspended, denied, or revoked … find him guilty of that offense. And just for purposes here and I'll be honest with you I don't have any real good reason find you not guilty of open intoxicants and deny responsibility for the civil infraction …. I was finding him not guilty on the open intoxicants and following too closely. Quite honestly that's somewhat of a gift to Mr. James.

(ECF No. 7-2, PageID.246-47.)

Meanwhile, in light of the discovery of the items associates with narcotics trafficking, officers arranged for a narcotics enforcement team to conduct surveillance on Petitioner's residence. This eventually led officers to discover methamphetamine in a vehicle leaving the residence and driven by another individual.

Petitioner and the other individual were subsequently charged with the felony narcotic offenses at issue here. Following the preliminary examination, Petitioner

filed a motion to suppress evidence and dismiss the charges. Petitioner asserted that because he was acquitted of the civil infraction of driving too close to another vehicle—the only basis for stopping his vehicle—the trooper had no justification for pulling him over. Petitioner reasoned that had his vehicle not been illegally stopped, he would never have been surveilled, and therefore the drugs would never have been discovered. Petitioner argued that collateral estoppel prevented the prosecutor from disputing the legality of the traffic stop. Prior to the hearing on the motion to suppress, Petitioner tendered a conditional plea of guilty that allowed Petitioner to appeal any unfavorable ruling on the suppression motion. (Plea Tr., ECF No. 7-6.)

Following a hearing on the suppression motion, the trial court denied relief, finding that the traffic stop was legal:

> [T]his boils down to the fact March 6th of 2018 the Michigan State Police stopped the defendant's vehicle on the basis that he was following another vehicle too closely. Subsequently, in a trial on that traffic violation Judge Filip found the defendant not guilty of following too closely but guilty of a couple of other of the infractions -- or offenses on the ticket.
>
> The defendant is contending that since the District Court found him not guilty of that traffic offense that everything that transpired thereafter is fruit of the poisonous tree and must be suppressed. Essentially, and also a collateral estoppel argument.
>
> The prosecution counters that the police have a right to stop for a traffic violation pursuant to *Kazmierczak* and that the stop can still be good even if no traffic violation was committed. Even though the prosecutor does not concede that no traffic violation was committed, their -- their contention has been all along is that Judge Filip simply gave the defendant a little bit of the – a deal during his trial.

3

> But ultimately, and I know this matter has been litigated with Judge LaFlamme also on forfeiture issues, but ultimately, no court has found the stop to be illegal in this case, and I'm specifically finding that collateral estoppel does not apply to the circumstance. This factual question of the stop has not been litigated to a final judgment, which is the first prong of whether or not collateral estoppel exists. And the prosecutor points to specifically the case of People versus Gates where the Supreme Court said that it was perfectly fine for there to be a denial of an adjudication in an NA file but then a subsequent criminal prosecution for the same allegation.
>
> So I think this is factually pretty close, but ultimately, neither Judge Filip nor Judge LaFlamme found the stop at the -- found the stop at issue to be improper and neither found that the officer did not have a reasonable suspicion to stop the vehicle.
>
> So, from this court's perspective the defendant's argument is not persuasive. Collateral estoppel does not apply because the issue of the stop was not litigated to a final judgment, so I am denying the defendant's motion.

(ECF No. 7-7, PageID.452-54.)

Petitioner pursued an interlocutory appeal of the denial of his suppression motion, raising the same claims that he raises in the instant action. The Michigan Court of Appeals denied the interlocutory appeal "for lack of merit in the grounds presented." (Order, ECF No. 7-8, PageID.461.) The Michigan Supreme Court likewise denied leave to appeal by form order. (Order, ECF No. 7-9, PageID.608.) Petitioner was subsequently sentenced to 3 to 30 years' imprisonment.

II.

28 U.S.C. § 2254(d) curtails federal habeas review of state convictions for claims adjudicated on the merits by state courts. A habeas petitioner must demonstrate that the state court adjudication was "contrary to" or "involved an unreasonable application of" clearly established Supreme Court law. A decision is "contrary to" clearly established Supreme Court law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.

Under this standard, a federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

III.

Petitioner asserts that his Fourth Amendment rights were violated by the illegal stop and search of his vehicle that ultimately led to the discovery of narcotics in another vehicle on a later date.[1] He also argues that collateral estoppel prevents the State from arguing that the initial stop was legal because he was found not guilty of the traffic violation that led the trooper to stop his vehicle. The claim is not cognizable on federal habeas review and is otherwise without merit.

A.

In the state courts Petitioner relied on his collateral estoppel argument as the basis for challenging the stop of his vehicle under the Fourth Amendment. The trial court considered and rejected the argument on the merits. Petitioner appealed, and the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." (Order, ECF No. 7-8, PageID.461.) The Michigan Supreme Court subsequently denied leave to appeal.

It is well-settled that federal courts will not address Fourth Amendment claims on habeas review if the petitioner had a full and fair opportunity to litigate the claim in the state courts and the presentation of the claim was not thwarted by a failure of the state's corrective process. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A

---

[1] Evidence seized during an illegal traffic stop must be suppressed as "fruits of the poisonous tree." *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999) (quoting *Wong Sun v. United States*, 371 U.S. 471, 484 (1963)).

court must perform two distinct inquiries when determining whether a petitioner may raise an illegal arrest claim in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

Michigan has a procedural mechanism which presents "an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 376 Mich. 90, 93-94 (1965) (describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 95 Mich. App. 507, 509 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal). Consequently, Petitioner must show that he was prevented from litigating the Fourth Amendment issue by a failure of Michigan's procedural mechanism.

Petitioner makes no such showing. He asserts that the prosecutor's reliance on state-law cases in the state courts and the state appellate courts' issuance of one-line orders means that there was a failure of the state procedural mechanism.

But there is no requirement for the state courts to issue lengthy opinions or to cite cases from federal courts to demonstrate that they reviewed his Fourth Amendment claim. The "focus [is] on the opportunity for fair consideration presented by the state courts, not the procedure used in a given case to address the specific argument of a given defendant." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013) (emphasis in original). There is no indication in the record that any of Petitioner filings in the state courts were improperly rejected, that his arguments were ignored, or that some other odd event created a failure in the state court review process. The fact that Petitioner claims the state courts erroneously rejected the collateral estoppel argument does not speak to his opportunity to challenge the legality of the traffic stop. A habeas court "do[es] not review the 'correctness' of the state court decision" in rejecting a Fourth Amendment claim. *Fulcher v. Logan Cnty. Cir. Ct.*, 459 F. App'x 516, 521 (6th Cir. 2012) (citing *Riley*, 674 F.2d 526). Consequently, Petitioner's claim is not cognizable on federal habeas review pursuant to *Stone v. Powell*, 428 U.S. 465 (1976).

B.

Assuming Petitioner's Double Jeopardy claim can be viewed as a separate substantive claim that is not barred by *Stone v. Powell*, the state court's rejection of that claim did not involve an unreasonable application of clearly established Supreme Court law and does not provide a basis for granting habeas relief.

The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *See Benton v. Maryland*, 395 U.S. 784, 794 (1969). The United States Supreme Court has "held that collateral estoppel in criminal trials is an integral part of the protection against double jeopardy guaranteed by the Fifth and Fourteenth Amendments." *Harris v. Washington*, 404 U.S. 55, 56 (1971) (per curiam) (citing *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)); *see also, Yeager v. United States*, 557 U.S. 110 (2009); *Dowling v. United States*, 493 U.S. 342, 347-48 (1990). The Supreme Court explained that "collateral estoppel 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Harris*, 404 U.S. at 56 (quoting *Ashe*, 397 U.S. at 443).

Under this rule, "[a] fact previously determined in a criminal case is not an 'ultimate fact' unless it was necessarily determined by the [fact finder] against the government and, in the second prosecution, that same fact is required to be proved beyond a reasonable doubt in order to convict." *United States v. Wells*, 347 F.3d 280, 285 (8th Cir. 2003) (internal quotations omitted). The fact determined in the prior action must have been "essential to the judgment" in that the "final outcome hinge[d]

on it." *Bobby v. Bies*, 556 U.S. 825, 834-35 (2009). Where a general verdict is involved, a court must examine the record to determine "whether a rational jury could have grounded its verdicts upon an issue other than that which the defendant seeks to foreclose from consideration." *Ashe*, 397 U.S. at 444 (internal quotation omitted); *see also, Yeager*, 557 U.S. at 119-20. "If the jury could have done so in the prior case, the claim of collateral estoppel must fail, since the defendant can prevail only if the issue which he seeks to preclude from consideration was 'necessarily' resolved in his favor in the prior proceeding." *United States v. Cala*, 521 F.2d 605, 608 (2d Cir. 1975). It is petitioner's burden to show that the issue was "necessarily decided." *See Yeager*, 557 U.S. at 122 n.6; *Dowling*, 493 U.S. at 350.

The state courts did not unreasonably apply this body of established federal law when it denied Petitioner relief. First, it was not an unreasonable determination of the facts for the state trial court to find that the issue of whether the traffic stop was legal was *not* necessarily decided in Petitioner's favor during traffic infraction hearing. If anything, the court explicitly found that the stop was authorized, supporting its determination that the trooper validly discovered that Petitioner had been driving on a suspended license. Though the court went on to find that Petitioner was not guilty of the two civil infractions, it found that "the trooper had reason to stop the vehicle and investigate," that "the stop was appropriate," that it did not "have any real good reason" to acquit him of the infraction, and that the decision

was "somewhat of a gift." (ECF No. 7-2, PageID.246-47.) On this record, it was reasonable for the state courts to find that the traffic court did not necessarily determine that the stop was illegal.

Next and relatedly, it does not necessarily follow from the court's finding that Petitioner was not guilty of the civil infraction that the stop was illegal. A law enforcement officer must have probable cause to make a stop for a civil infraction. *Gaddis v. Redford Twp.*, 364 F.3d 763, 771 n.6 (6th Cir. 2004). Probable cause is a reasonable ground for belief supported by less than prima facie proof but more than mere suspicion. *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). It is possible that an officer can have a reasonable ground for belief that a civil infraction has been committed, and then upon trial the State may fail to prove that the civil infraction actually occurred. That is, the failure to prove guilt is different from the question of whether there was probable cause to believe an offense was committed. *See United States v. Spencer*, 448 F.2d 1093, 1094 (D.C. App. 1971); *see also Lilly v. Gryczewski*, No. 95-6261, 1996 U.S. Dist. LEXIS 12734, 1996 WL 501573, at *4 (N.D. Ill. Aug. 30, 1996) (collateral estoppel not applicable because the state court's acquittal did not adjudicate probable cause). Petitioner fails to point to clearly established Supreme Court law holding that an acquittal for a civil traffic infraction settles the question of whether probable cause existed for a traffic stop.

Finally, States may provide civil sanctions such as monetary fines that fall short of a criminal sanction. *See Rex Trailer v. United States*, 350 U.S. 148 (1956); *United States ex rel. Marcus v. Hess*, 317 U.S. 537 (1943). And when a defendant has not previously been placed in jeopardy and subject to possible criminal sanction, clearly established Supreme Court law does not require collateral estoppel as a matter of federal constitutional law. *See State v. Walker*, 159 Ariz. 506, 508 (1989) (citing *Helvering v. Mitchell*, 303 U.S. 391 (1938)). A state court finding an individual "not guilty" of a civil infraction is not an acquittal of a criminal charge, and therefore the resolution of the civil infraction case does not trigger the constitutionally based collateral estoppel principle of the Double Jeopardy Clause. That is, the failure of the state court to apply collateral estoppel here did not raise an issue of federal constitutional law, and any violation of common-law principles of collateral estoppel that might still apply, *see, e.g., Allen v. McCurry*, 449 U.S. 90 (1980), would not provide a basis for granting federal habeas relief. *See* 28 U.S.C. § 2254(a).

For these reasons, Petitioner has failed to demonstrate entitlement to habeas relief.

## IV.

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant is required to show that

reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to his claims because they are devoid of merit. Therefore, a certificate of appealability is denied.

V.

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, and 2) **DENIES** a certificate of appealability.

**SO ORDERED.**

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: January 24, 2023